FILED
10/11/2016 4:40:13 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Nikki J Garcia

2 CITS PPS M/O /SAC1

CAUSE NO. **2016CI17805**

| ROSA ZERTUCHE, | § | IN THE DISTRICT COURT |
| --- | --- | --- |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | 288TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| AND ANNE OKLESEN | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROSA ZERTUCHE ("Plaintiff"), and files this *Plaintiff's Original Petition and Request for Disclosure*, complaining of ALLSTATE INSURANCE COMPANY ("Allstate"), and ANNE OKLESEN ("Oklesen"), collectively known as "Defendants", and respectfully shows this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff Rosa Zertuche is an individual residing in Bexar County, Texas.

3. Defendant Allstate is a foreign insurance company engaged in the business of insurance in Texas, with its principal office located in Northbrook, Illinois. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas, in Bexar County. Defendant Allstate may be served via its registered agent, C T Corporation System, at: 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Upon information and belief, Defendant Anne Oklesen is an individual engaged in the business of adjusting insurance claims in Texas. The causes of action asserted arose from or are

connected with purposeful acts committed by Defendant Oklesen in the State of Texas, in Bexar County. Defendant Anne Oklesen may be served at, 3100 Sanders Road N4A, Northbrook, Illinois 60062 or wherever she may be found.

### III. JURISDICTION

5.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

6.  The Court has jurisdiction over Defendant Allstate because this Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action asserted arose out of this Defendant's business activities in the State of Texas.

7.  The Court has jurisdiction over Defendant Oklesen because this Defendant is an individual that engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action asserted arose out of this Defendant's business activities in the State of Texas.

### IV. VENUE

8.  Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V. FACTS

9.  Plaintiff is the owner of a Texas Homeowner's Insurance Policy, with Policy No. 000944850821, which was issued and sold by Defendant Allstate (hereinafter referred to as "the Policy").

10. Plaintiff owns the insured Property, which is specifically located at 6334 Village Arbor, San Antonio, Texas 78250, which is in Bexar County (hereinafter referred to as "the Property").

11. On or about May 26, 2015, a severe hail and/or windstorm struck Bexar County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residential property ("the Storm"). Plaintiff's independent estimators found that the Property sustained substantial wind and/or hail damage as a result of the Storm. Specifically, the composition shingle roof of Plaintiff's dwelling sustained extensive wind and/or hail damage and requires full replacement as do the following roof components: drip edge, valley metal, 14" wide flashing, pipe jacks, furnace vent—5" rain cap and storm collar, ½" plywood sheathing, turtle-type roof vents, and chimney flashing. Moreover, during the storm, high winds and/or hail impacted the fence, causing damage that requires removal and replacement of same.

12. Thereafter, Plaintiff submitted a claim to Defendant Allstate against the Policy, referenced in paragraph 9, for damages to the Property sustained as a result of the Storm, and her claim was assigned number 0371218355 by Allstate ("the Claim"). Plaintiff asked that Defendant Allstate cover all costs of repairs to the Property minus her deductible, as shown *supra*, pursuant to the Policy.

13. Defendant Allstate acknowledged the claim and informed Plaintiff that further on-site investigation of the claim might be necessary.

14. Thereafter, Defendant Allstate assigned Defendant Anne Oklesen to inspect the Property and adjust the claim on behalf of Allstate. Defendant Oklesen was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim. The inadequacy of Defendant Oklesen's inspection is clearly evidenced by her report, which failed to include and/or under-scoped/undervalued many of Plaintiff's covered damages. For example, Defendant Oklesen called for use of 3 tab – 20 yr. composition shingles rather than the sturdier, more durable 3 tab – 25 yr. shingles that are warranted. Defendant Oklesen also omitted damages to several roof fixtures: 14" wide flashing, furnace vent—5" rain cap and storm collar, ½" plywood sheathing,

turtle-type roof vents, and chimney flashing. In addition, Defendant Oklesen did not make any mention of necessary repairs or damages to the Property's fencing, despite hail strikes being clearly visible. Moreover, Defendant Oklesen improperly calculated depreciation when she was determining the actual cash value of damages. Defendant Oklesen applied excessive depreciation to items, without a reasonable basis for the application of such excessive depreciation or sufficient annotations or notes in her estimate regarding the age, condition, or wear of the items to which she applied depreciation. In addition to omitting and undervaluing many of Plaintiff's covered damages in her report, Defendant Oklesen underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to include adequate overhead and profit, and improperly calculated the actual cash value of Plaintiff's loss under the Policy. Ultimately, Defendant Oklesen's estimate did not allow adequate funds to cover the cost of repairs for all of the covered damages sustained by Plaintiff. Defendant Oklesen's inadequate investigation was relied upon by Defendant Allstate and resulted in Plaintiff's claim being improperly adjusted and undervalued.

15. Defendant Allstate failed to adequately train and supervise Defendant Oklesen, resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, Defendant Allstate failed to thoroughly review and properly oversee Defendant Oklesen's work, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. As a result of Defendants Allstate and Oklesen's wrongful acts and/or omissions set forth above and further described herein, Plaintiff's claim was improperly denied, resulting in damages to the Plaintiff.

16. Together, Defendants Allstate and Oklesen set out to deny and/or underpay on properly covered damages. Defendants Allstate and Oklesen misrepresented to Plaintiff that Defendant Oklesen's estimate included all of Plaintiff's properly covered damages and made sufficient

allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy, when, in fact, Defendant Oklesen's estimate failed to include most of Plaintiff's properly covered damages and failed to allow for sufficient amounts to cover the cost of repairs to the Property. Defendant Allstate failed to provide full coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby partially denying payment on Plaintiff's claim. As a result of Defendants Allstate and Oklesen's unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff has been substantially underpaid and has suffered damages. The mishandling of Plaintiff's claim has delayed Plaintiff's ability to fully repair the Property and has likely resulted in further damages to the dwelling. To date, Plaintiff has yet to receive the full payment to which she is entitled to under the Policy.

17.     As detailed in the paragraphs below, Defendants Allstate and Oklesen wrongfully denied Plaintiff's claims for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

18.     Defendant Allstate failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. Defendant Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.     Defendant Allstate, through its agent Defendant Oklesen, misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allstate and Oklesen's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants Allstate and Oklesen failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants

Allstate and Oklesen's conduct constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.  Defendants Allstate and Oklesen failed to explain the reasons for their denial of Plaintiff's full claim to Plaintiff. Specifically, Defendants Allstate and Oklesen failed to offer Plaintiff adequate compensation, without sufficient explanation as to why full payment was not being made. Furthermore, Defendants Allstate and Oklesen did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy. The conduct of Defendants Allstate and Oklesen is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.  Defendants Allstate and Oklesen refused to allow for adequate compensation to Plaintiff, under the terms of the Policy, even though Allstate and Oklesen failed to conduct a reasonable investigation. Specifically, Defendants Allstate and Oklesen performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of Defendants Allstate and Oklesen constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23.  Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.  Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Allstate's conduct

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. From and after the time Plaintiff's claim was presented to Defendant Allstate, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Allstate has refused to pay Plaintiff in full, despite having no basis on which a reasonable insurance company would have relied to deny the full payment. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. Defendants Allstate and Oklesen knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

28. As a result of Defendants Allstate and Oklesen's wrongful acts and/or omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing her with respect to these causes of action.

## VI.   CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT ANNE OKLESEN

#### A. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

29. Plaintiff incorporates the above paragraphs as if stated fully herein.

30. Defendant Allstate assigned Defendant Oklesen to adjust the Claim on its behalf. During her investigation, Defendant Oklesen failed to properly assess Plaintiff's property damages.

Specifically, Defendant Oklesen spent an inadequate time investigating whether Plaintiff's damages were covered under the Policy and substantially undervalued Plaintiff's properly covered damages. <u>See</u> *supra* ¶¶11, 14.

31.    Defendant Oklesen's conduct constitutes multiple violations of the Texas insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.151. All violations under this article are made actionable by TEX. INS. CODE §541.151.

32.    Defendant Oklesen is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Defendant Allstate, because Oklesen is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).

33.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Oklesen's misrepresentations by means of deceptive conduct include, but are not limited to, (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff had no damages when in fact there were; (3) using her own statements about the non-severity of the damages as a basis for denying properly covered damages; and (4) failing to provide an adequate explanation for giving no compensation for Plaintiff's claims. Defendant Oklesen's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

34. Defendant Oklesen's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

35. The unfair settlement practices of Defendant Oklesen as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

36. Defendant Oklesen's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constituted an unfair method of competition and an unfair and deceptive act of practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

37. Defendant Oklesen did not properly inspect the Property and therefore failed to assess many of the Plaintiff's covered damages, although Plaintiff had reported the same to Oklesen. Defendant Oklesen's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

38. Defendant Allstate is liable to Plaintiff for breach of contract, as well as violations of the Texas Insurance Code and breach of the common law duty of good faith and fair dealing.

### A. BREACH OF CONTRACT

39. Plaintiff incorporates the above-referenced paragraphs as if stated fully herein.

40. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Defendant Allstate and Plaintiff.

41. A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex.App.— Houston [1st Dist.] 2005, pet. denied).

42. A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

43. Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiff fully performed all of her obligations under the policy, including the payment of the premium, constitutes a breach of Allstate's insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

44. Plaintiff incorporates the above-referenced paragraphs as if stated fully herein.

45. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

46. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiff that damages sustained to the Property during the Storm were not covered despite the fact that damages were the result of a peril covered by the policy at issue – constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49. Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

50. Defendant Allstate's unfair settlement practice, as described above, of refusal to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

51. Plaintiff would submit that this action is not only a violation of the Texas Insurance Code §541.060, but the act of knowingly making material misrepresentations of fact or opinion, to Plaintiff by Defendant Allstate, knowing that this statement is false, constitutes fraud. Defendant Allstate made misrepresentations to Plaintiff about her case, recklessly, without any knowledge of the truth; Allstate intended that Plaintiff rely on its statements regarding the applicable coverage

to the property, and Plaintiff relied on Allstate's statements regarding the same, and has sustained damages.

### C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

52. Plaintiff incorporates the above-referenced paragraphs as if stated fully herein.

53. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

54. Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

55. Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

56. Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### D. ACTS CONSTITUTING ACTING AS AGENT

57. Plaintiff incorporates the above-referenced paragraphs as if stated fully herein.

58. As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Oklesen is an agent of Defendant Allstate based on Allstate's acts, ratification, negligent hiring and training, supervision, and/or omissions during the handling of this claim, including but not limited to, selling insurance, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59. Separately, and/or in the alternative, as referenced and described above, Defendant Allstate ratified the acts, negligent hiring and training, supervision and/or omissions of Defendant Oklesen, including the completion of their duties under the common law and statutory law.

### E. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60. Plaintiff incorporates the above-referenced paragraphs as if stated fully herein.

61. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

62. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholder) and Defendant Allstate's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Defendant Allstate, like other insurers, controls entirely the evaluation, processing and denial of claims.

63. By not inspecting the property for all of the claimed covered damages, Defendants Allstate and Oklesen did not inspect and evaluate Plaintiff's home as if it were their own home. Defendants Allstate and Oklesen's investigation and evaluation was not reasonable; thus, there is no reasonable basis for withholding payment for Plaintiff's covered damages. Texas courts have held that the mere fact that an insurer relies upon an expert's report to deny a claim does not automatically foreclose bad faith recovery as a matter of law. *See Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 570 (Tex.App. 2011) (citing *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex.1997)). Rather, reliance on expert reports, alone, will not necessarily shield the carrier if there is evidence that the report was not *objectively prepared* or the insurer's reliance on the report was *unreasonable*. *See Id.* (emphasis added) (citing *Nicolau*, 951 S.W.2d at 448). As

the foregoing paragraphs establish, Defendant Oklesen's report was not objectively prepared (see supra ¶¶ 11, 14); therefore, Defendant Allstate's reliance on her estimate was unreasonable and in violation of the duty of good faith and fair dealing. Moreover, Defendant Allstate's overall conduct in handling Plaintiff's claim was not reasonable.

64. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### F. GROSS NEGLIGENCE

65. Plaintiff incorporates the above paragraphs as if stated fully herein.

66. Plaintiff is entitled to exemplary damages as a result of Defendant Allstate's breach of duties owed, as described above. When viewed objectively from the standpoint of the Defendants at the time of the occurrence in question, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others, or the risk of financial ruin to others, and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. In the alternative, Defendants had specific intent to cause substantial harm to Plaintiff.

### VII. KNOWLEDGE

67. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### VIII. DAMAGES

68. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

69. As previously mentioned, the damages caused by the April 12, 2016 Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to the Plaintiff. These damages are a direct result of all of the Defendants Allstate and Oklesen's mishandling of Plaintiff's claim in violation of the laws set forth above.

70. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

71. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

72. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

73. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

74. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. REQUESTS FOR DISCLOSURE

75. Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendants Allstate and Oklesen each disclose, within fifty (50) days of service of these requests, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, PLLC**
1110 NASA Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534

By: */s/ Andres Arguello*
ANDRES ARGUELLO
State Bar No. 24088970
andres@simplyjustice.com
PHILIP BRODERICK
State Bar No. 24094561
philip@simplyjustice.com
NISHI KOTHARI
State Bar No. 24087862
kothari@simplyjustice.com

***COUNSEL FOR PLAINTIFF
ROSA ZERTUCHE***